**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Zamora,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>　　　　　　Defendant. | No. CV-13-01970-PHX-DGC<br><br>**ORDER** |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Jesus Zamora seeks judicial review of the Commissioner's decision finding him not disabled within the meaning of the Social Security Act. Doc. 13. For the reasons that follow, the Court will remand the case for an award of benefits.

**I.      Background.**

Plaintiff applied for disability and supplemental security insurance benefits in July 2007, alleging disability beginning October 26, 2006. Doc. 14 at 1. After a hearing on April 28, 2009 (A.R. 95-132), an administrative law judge ("ALJ") issued an opinion on August 24, 2009, finding Plaintiff not disabled (A.R. 140-49). The Appeals Council granted Plaintiff's request for review and remanded the case for further proceedings. Doc. 14 at 2. A second hearing was held on March 6, 2012 (A.R. 35-88), and the ALJ issued an opinion on April 27, 2012, again finding Plaintiff not disabled (A.R. 13-34). A second request for review was denied by the Appeals Council and the ALJ's April 2012 opinion became the Commissioner's final decision. Doc. 14 at 2.

## II.     Legal Standard.

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled

and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act and that he has not engaged in substantial gainful activity since October 26, 2006. At step two, the ALJ found that Plaintiff has the severe impairments of major depressive disorder, anxiety disorder, personality disorder, and poly-substance dependence, in sustained remission since 2008. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that Plaintiff "has the residual functional capacity to perform a full range of work at all exertional levels," with the following non-exertional limitations: he "retains the ability to understand, carry out, and remember simple instructions," "works best if not working in a team, and in a routine work setting where there is little change and any change can be easily explained." At step five, the ALJ concluded that the Plaintiff is capable of performing his past relevant work.

**III.   Analysis.**

Plaintiff argues the ALJ's decision is defective for six reasons: (1) the ALJ's decision is not supported by substantial evidence because it is based solely on the opinions of two State-agency physicians; (2) the ALJ committed legal error in assigning great weight to the opinion of Dr. Bencomo; (3) the ALJ committed reversible error by rejecting the opinions of Plaintiff's treating doctors without specific and legitimate reasons; (4) the ALJ committed legal error by failing to address or consider the Arizona Department of Health's determination that Plaintiff is Seriously Mentally Ill ("SMI"); (5) the ALJ committed legal error by rejecting third-party statements; and (6) the ALJ committed legal error by discounting Plaintiff's credibility. Doc. 13 at 1-2.

/ / /

**A.     Weighing of Medical Source Evidence.**

       **1.     Legal Standard.**

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence). If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing reasons." *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). A contradicted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

An ALJ can meet the "specific and legitimate reasons" standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). But "[t]he ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22. The Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and does not give significance to a statement by a medical source that the claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d).

       **2.     Dr. Bencomo.**

Plaintiff argues that the ALJ erred in her consideration of examining physician Dr. Armando Bencomo and treating physicians Dr. Crowley and Dr. Chaney. Although the

- 4 -

ALJ purported to give Dr. Bencomo's opinion great weight, Plaintiff argues that the ALJ effectively rejected limitations assessed by Dr. Bencomo that would have precluded him from doing any work. Doc. 13 at 17. As support, Plaintiff points to the testimony of the vocational expert, Dr. George Bluth, from Plaintiff's first hearing. A.R. 126. The ALJ asked Dr. Bluth to consider a hypothetical individual with the limitations assessed in Dr. Bencomo's opinion (A.R. 584-90) and asked whether such an individual would be capable of performing past relevant work or any other type of work (A.R. 126). Dr. Bluth responded in the negative to both questions. *Id.* The ALJ then asked Dr. Bluth which factors would prevent the hypothetical individual from performing any work. *Id.* Dr. Bluth identified several limiting factors, including that the hypothetical individual "has a number of fair . . . limitations completing a workday and work week without interruptions from symptoms," that "[a]ccepting instruction and getting along with coworkers varies from good to fair," that "[r]esponding . . . to changes in a work setting [is] fair," and that setting realistic goals or making plans independently is also fair. A.R. 126-27. Each of these limitations appears in Dr. Bencomo's report. *See* A.R. 589. Plaintiff argues that by failing to address these, the ALJ has effectively rejected them.

The ALJ did not provide any reasons for rejecting any portion of Dr. Bencomo's opinion. She instead purported to give it great weight. In light of the testimony of the vocational expert, however, the limitations identified by Dr. Bencomo were sufficient to show that Plaintiff could not work. The Court concludes that the ALJ effectively rejected Dr. Bencomo's opinion without providing clear and convincing reasons for doing so. This was legal error.

### 3. Dr. Chaney.

Both Dr. Chaney and Dr. Cowley found that Plaintiff was limited in his ability to: (1) understand and remember detailed instructions; (2) carry out detailed instructions; (3) maintain attention and concentration for extended periods; (4) complete a normal workday and work week without interruption from psychologically-based symptoms; (5) accept instructions and respond appropriately to criticism from supervisors; (6) get

along with co-workers or peers without distracting them or exhibiting behavioral extremes; (7) respond appropriately to changes in the work setting; and (8) set realistic goals or make plans independently of others. *See* A.R. 833-35 (Chaney); 1161-63 (Cowley).

The ALJ does not explicitly identify any medical opinions that contradict the opinions of Drs. Chaney and Cowley, but does state that she gave "great weight" to the opinions of the state-agency reviewing physicians "based on their consistency with the greater objective medical evidence of record[.]" It is not clear, however, that these opinions actually contradict those of Chaney and Cowley. The opinion of Dr. Ahn, a state agency physician, which was cited by Defendant as supporting the ALJ's conclusion, actually assesses limitations similar to those assessed by Drs. Chaney and Cowley. *See* A.R. 607-08 (noting that Plaintiff was "moderately limited" in (1) the ability to carry out detailed instructions, (2) the ability to maintain attention and concentration for extended periods, (3) the ability to complete a normal workweek without interruptions from psychologically-based symptoms, (4) the ability to accept instructions and respond appropriately to criticism from supervisors, and (5) the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes). Dr. Ahn found that Plaintiff was "moderately limited" in five of the eight categories in which Drs. Chaney and Cowley also found Plaintiff to be limited. Additionally, the only other state-agency opinion cited by the ALJ as receiving great weight simply states that "the prior decision is affirmed" without identifying the "prior decision." A.R. 692. Accordingly, the Court cannot conclude that either state-agency medical opinion contradicts the opinions of Drs. Chaney and Cowley. Because the ALJ did not identify any other medical opinion that contradicts the opinions of Drs. Chaney and Cowley, she was required to provide clear and convincing reasons for rejecting them. *Lester*, 81 F.3d at 830.

The ALJ stated that she gave Dr. Chaney's opinion little weight because it was inconsistent with her treatment notes, "which show of generally unremarkable mental

status examinations and improved mood." A.R. 24. The Court was able to locate only one reference in Dr. Chaney's treatment notes (A.R. 837-870) where the doctor noted that Plaintiff's mood was improved. *See* A.R. 842. It is unclear what the ALJ meant by "unremarkable mental status examinations," but a review of Dr. Chaney's treatment notes (A.R. 837-870) reveals that Plaintiff usually presented with good appearance, normal alertness, good eye contact, either appropriate or blunted affect, unremarkable stream of thought, logical associations, euthymic mood, good concentration, intact memory, and good intelligence, insight, and judgment. A.R. 841-863. Although at first blush these observations appear to contradict Dr. Chaney's opinion, Dr. Chaney noted in her opinion that Plaintiff was "always clean, well groomed, [and] attends to daily needs." A.R. 835. Thus, it is evident that Dr. Chaney took Plaintiff's presentation at appointments into account when assessing his limitations, and the ALJ does not explain how Dr. Chaney's observations are inconsistent with those limitations. The ALJ also noted that Dr. Chaney's opinion "is generally not consistent with the evidence of record," but did not identify any allegedly inconsistent evidence other than Dr. Chaney's treatment notes. A.R. 24.

The ALJ stated that Plaintiff's "activities of daily living" show that he is "able to perform more than as outlined by Dr. Chaney," specifically that Plaintiff is able to utilize public transportation, shop outside the home, attend church services, and manage his finances. A.R. 24. This is a valid reason for rejecting portions of Dr. Chaney's opinion, specifically her conclusion that Plaintiff is uncomfortable around others, but the ALJ does not explain how these activities conflict with Dr. Chaney's determination that Plaintiff has limited ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, to respond appropriately to changes in the work setting, or to understand, remember, and carry out detailed instructions. Because the ALJ failed to identify objective medical evidence that contradicted Dr. Chaney's opinion, and failed to support her assertions that Dr. Chaney's opinion conflicted with the treatment notes and Plaintiff's daily activities, the Court concludes that the ALJ failed to identify

clear and convincing reasons for rejecting Dr. Chaney's opinion. This too was legal error.

**B.     Remand.**

The Court need proceed no further. Having concluded that the ALJ committed legal error in rejecting the opinions of Drs. Bencomo and Chaney, the Court must vacate Defendant's decision.[1]

The Court has the discretion to remand the case for further development of the record or for an award benefits. *See Reddick*, 157 F.3d at 728. In *Smolen v. Chater*, the Ninth Circuit held that evidence should be credited at true and an action remanded for an immediate award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited as true. 80 F.3d 1273, 1292 (9th Cir. 1996); *see Varney v. Sec. of Health & Human Servs.*, 859 F.2d 1396, 1400 (9th Cir. 1988) ("In cases where there are no outstanding issues that must be resolved before a proper determination can be made, and where it is clear from the record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony."); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (same); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) ("In a recent case where the ALJ failed to provide clear and convincing reasons for discounting the opinion of claimant's treating physician, we accepted the physician's uncontradicted testimony as true and awarded benefits.") (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1988)); *Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir. 1989) (extending *Varney*'s "credit as true" rule to a case with outstanding

---

[1] The Court considered whether the ALJ's rejection of the Bencomo and Chaney opinions could be harmless error in light of the reasons she provided for rejecting the Cowley opinion, but found the Cowley rejection to be problematic as well. Moreover, the reasons given by the ALJ for rejecting the Cowley opinion are not readily transferable to the opinions of Drs. Bencomo and Chaney, precluding a harmless error finding.

- 8 -

issues where the claimant already had experienced a long delay and a treating doctor supported the claimant's testimony).

Defendant argues that it would be contrary to the Act to remand for an award of benefits. Doc. 26 at 18. Defendant cites *Strauss v. Commissioner of the Social Security Administration*, 635 F.3d 1135, 1138 (9th Cir. 2011), for the proposition that "[a] claimant is not entitled to benefits under the Act unless the claimant is, in fact, 'disabled' as defined by the statute." Doc. 14 at 19. Defendant argues that "[t]he court may not move from the conclusion that the ALJ erred directly to an order requiring payment of benefits without the intermediate step of analyzing whether the claimant was, in fact, disabled." *Id.* (citing *Strauss*, 635 F.3d at 1138). Defendant further argues that "[w]here, as here, there is, at best, conflicting evidence as to whether the statutory standard for disability has been met, the Court should remand for further proceedings." *Id.* at 20.

The Court has found that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Drs. Bencomo and Chaney, an examining and a treating physician. During the first hearing, the vocational expert was asked a hypothetical based on Dr. Chaney's opinion (Exhibit 23F). A.R. 128-30. The vocational expert noted that, with the limitations assessed in Dr. Chaney's opinion, there would be no work for Plaintiff. A.R. 129. As discussed above, the vocational expert also testified that there would be no work for Plaintiff based on the similar limitations assessed by Dr. Bencomo. A.R. 126-27. The procedural error the Court finds in this case is precisely the type of error that requires a remand for an award of benefits under the Ninth Circuit's decision in *Strauss*: one in which the ALJ erred in discrediting evidence and, absent any outstanding issues to be resolved, "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Strauss*, 635 F.3d at 1138 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)).

Moreover, the overwhelming authority in this Circuit makes clear that the "credit as true" doctrine is mandatory. *See Lester*, 81 F.3d at 834; *Smolen*, 80 F.3d at 1292; *Reddick*, 157 F.3d at 729; *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore*

*v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926 (9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Benecke*, 379 F.3d at 593-95; *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007); *Lingenfelter v. Astrue*, 504 F.3d. at 1041 ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits[.]").[2]

Applying these cases, the Court concludes that the improperly rejected opinions of Drs. Chaney and Bencomo must be credited as true and, when credited as true and combined with the vocational expert's opinion, require an award of benefits.

**IT IS ORDERED:**

1. This case is **remanded** for an award of benefits.

2. The Clerk is directed to enter judgment and **terminate** this action.

Dated this 6th day of June, 2014.

_____
David G. Campbell
United States District Judge

---

[2] This Court disagrees with the Ninth Circuit's credit as true doctrine, but is bound to follow Ninth Circuit precedent.

- 10 -